**DYER v. MacDOUGALL et al.**

**Civ. A. No. 11011.**

United States District Court
E. D. New York.

Dec. 28, 1951.

See also, 93 F.Supp. 484.

Breed, Abbott & Morgan, New York City (Charles H. Tuttle, New York City, of counsel), for defendants.

Moss & Wels, New York City (Richard H. Wels, New York City, of counsel), for plaintiff.

KENNEDY, District Judge.

This is a suit in which the plaintiff demands damages for defamation. The complaint contains four counts. On January 24, 1951, the defendants moved for summary judgment, addressing the motion to the second, third and fourth counts of the complaint. At the argument defendants' counsel in effect withdrew that branch of the motion which seeks summary judgment dismissing the second count, so that there remain for consideration only the third and fourth counts.

In the third count the plaintiff charges the publication of a defamatory statement by the defendant Albert MacDougall on or about December 15, 1949, to Lloyd Vincent Almirall. Both the plaintiff and Mr. Almirall are attorneys. In support of the motion for summary judgment dismissing the third count affidavits are submitted both by Mr. Almirall and the defendant Albert MacDougall to the effect that the claimed defamatory statement was never made.

In the fourth count of his complaint the plaintiff charges the publication of a defamatory statement by defendant Inez Mac-Dougall to one Dorothy Hope, plaintiff's sister-in-law. In support of the motion for judgment dismissing this count defendant submits the deposition of Dorothy Hope containing a denial that the claimed statement was made and also a sworn denial by Inez MacDougall that she ever made any such statement.

At the argument I pointed out to counsel for the defense that on the then state of the record no issue of fact would be presented at the trial under the third and fourth causes of action if Mrs. Hope and Mr. Almirall adhered to their affidavits, and that a dismissal would necessarily follow. I said also that I thought the existence of real issues of fact could be demonstrated only by discovery. The defendants' counsel agreed with this appraisal of the situation, and asked that decision be held in abeyance while the depositions of the defendants MacDougall and the witnesses Almirall and Hope were being taken. I, accordingly, withheld decision.

The lapse of time between January and the date of this decision is no one's fault. Counsel for the plaintiff was compelled to go into a long engagement during the spring and summer months which precluded any action by him in this case. In the latter part of October I was advised by the plaintiff that the idea of taking depositions had been abandoned. I then permitted counsel to submit such additional papers as they might be advised, and I now find that the position which existed in January has not changed, namely, that to prove his third and fourth causes of action the plaintiff will be compelled to rely upon the testimony of witnesses who have already denied the publication of defamatory statements by the defendants, and there is no suggestion that any other proof favorable to the plaintiff is in existence. The plaintiff does suggest in an affidavit that he would like the opportunity of cross-examining the defendants but manifestly this could have been done by the taking of depositions. And if the presence of a jury might be thought to add anything, then plaintiff would be put under the necessity of establishing a *prima facie* case by calling and cross-examining four hostile witnesses. This case is markedly different from Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464. There the moving and answering affidavits raised an issue of credibility. Here the only four persons alleged to have been present at and concerned in the making of the defamatory statements all deny that those statements were made. And a triable fact issue can scarcely exist because the plaintiff is convinced that all of these persons are telling untruths under oath.

The third and fourth causes of action tender issues of fact; the affidavits demonstrate that plaintiff cannot support them.

Under these circumstances, much as I appreciate that summary judgment should not be granted except in a very clear case, I feel that defendants are entitled to an order dismissing the third and fourth causes of action. I have taken into consideration not only all of the affidavits and briefs submitted but also the correspondence between counsel, which I am making a part of the record.

Settle order on notice.